HEARD APRIL TERM, 1878.

## THE STATE, *ex rel.* O'NEALE, *vs.* FICKLING.

A petition under §12, Chapter LXXXIV, Gen. Stat., 435, by a landlord to eject his tenant, is not an action within the meaning of the term as used in Sections 81, 82, 83 and 84 of the Code of Procedure.

In a proceeding under §12, Chapter LXXXIV, Gen. Stat., 435, by a landlord to eject his tenant at will, the question whether the relation of landlord and tenant existed is one of fact for the Trial Justice, and, if it existed, whether it was of the character required by the Act; and if his conclusion is erroneous, that is no ground for a writ of prohibition.

The only ground for a writ of prohibition in such cases is, that the issue was not within the jurisdiction of the Trial Justice.

### BEFORE SHAW, J., AT RICHLAND, APRIL TERM, 1878.

This was a petition by Leora A. O'Neale praying for a writ of prohibition to restrain Francis W. Fickling, Trial Justice, and David Utley from the further prosecution of an action, so called in the petition, which the said David Utley had commenced before the said Trial Justice to eject the petitioner from certain premises in the city of Columbia of which the said David Utley claimed to be the owner in fee and that the petitioner was his tenant at will.

The case was as follows :

On April 8th, 1878, a summons was issued by Francis W. Fickling, Trial Justice, directed to the petitioner, requiring her to show cause before him within ten days from the personal service of this notice why she should not be ejected from the premises now occupied by her, situate in the city of Columbia, and now the property of David Utley, according to the Act passed 19th December, 1866. The summons was based on the affidavit of an agent of David Utley, stating that the petitioner was tenant at will of David Utley of the premises in question and that she held possession thereof and refused to surrender the same. The summons was returnable on April 18th, and on that day the parties appeared before the Trial Justice. The petitioner answered the summons, denying that she was the tenant at will of the said David Utley; that he had any title to the premises, and alleging that she herself was the owner thereof in fee.

Testimony was heard and witnesses examined before the Trial Justice, but before he had announced his judgment the proceedings were suspended by an order under the petition in this case.

The petition further stated that the petitioner had filed a proper undertaking according to the provisions of Section 83 of the Code

of Procedure, and requested the Trial Justice to countersign her answer to the summons of the said David Utley and deliver the same to him, and to " discontinue said action as required by Section      of said Code."

On April 25th, 1878, His Honor the presiding Judge filed an order denying the writ of prohibition prayed for.

The petitioner appealed on the following grounds:

1. Because His Honor erred in not holding that the proceedings sought to be prohibited is an action, and, as it relates to real estate, the Trial Justice was without jurisdiction at all.

2. Because His Honor erred in not holding that, the same being an action, the Trial Justice could only consider it under the limitations of Sections 81, 82, 83, 84 of the Code of Procedure, and, upon the fact appearing by the return that the provisions of those Sections were complied with by the relator, the jurisdiction of the Trial Justice was terminated thereby, and that the prohibition should issue.

3. Because His Honor erred in refusing to grant the writ, when the fact appeared on the face of the return that the relator was not the tenant at will of the respondent, David Utley.

4. Because the order of His Honor refusing the writ is otherwise contrary to law.

*Clark, Monteith,* for petitioner.

*Pope,* contra.

November 21, 1878.   The opinion of the Court was delivered by

WILLARD, C. J.   This is an appeal from a judgment refusing a writ of prohibition.   The proceeding sought to be asserted was brought by the respondent, D. Utley, before the respondent, F. W. Fickling, as Trial Justice, to eject the relator, L. A. O'Neale, from certain premises alleged to be held by her as tenant at will of the said Utley.   The relator joined issue on the petition, denying the existence of a tenancy at will, alleging want of title in the petitioner and title in herself.

The petition was filed under Section 12, Chapter LXXXIV, of the General Statutes, page 435.

The first ground of appeal is for error in holding that the proceeding was not an action. The Section in question was enacted prior to the adoption of the Code of Procedure, at a time when it could not in any sense be regarded as an action, nor is anything pointed out in the Code that can have the effect of changing its nature.

If the jurisdiction conferred by the statute in question is to be regarded as constituting an action, then, under Section 74 of the Code, it is denied to a Trial Justice. That this was not intended is evident from the fact that this Section was re-enacted as part of the General Statutes after the Code took effect. It follows that subdivision 2 of Section 81 of the Code, that excludes Trial Justices from the cognizance of "civil actions" where the title to land is in question, is inapplicable to the case. The second ground of appeal is disposed of by the conclusion just reached. The provisions of Sections 81, 82, 83 and 84, providing for removing proceedings from the jurisdiction of Trial Justices, are, in terms, confined to cases of actions pending before a Trial Justice, and do not apply to special statutory proceedings of a summary character.

The third ground of appeal is that it appeared on the face of the return that the relator was not a tenant at will of the respondent, D. Utley. It was for the Trial Justice to ascertain by proofs whether the relation of landlord and tenant existed between the parties, and, if a tenancy existed, whether it was of the character that the statute required. If the Trial Justice arrived at an erroneous conclusion, that is no ground for prohibition. The only ground on which the prohibition can be properly asked is that the issue was placed by law beyond his jurisdiction to determine the truth or falsehood of the allegations, or to proceed to judgment should the allegations of the defense fail of proof.

The fourth ground is general, and presents no question for consideration.

An order affirming the judgment of the Circuit Court has already been entered.

*McIver*, A. J., and *Haskell*, A. J., concurred.